RANDOLPH, Justice,
concurring in part and in result:
¶ 27. I concur with the majority’s conclusion on Issue II. Without question, the trial court unconstitutionally shifted the burden of proof by instructing the jurors that, in order to acquit Banyard, they must find him not guilty “beyond a reasonable doubt.” Regardless of when the issue was raised, this plain error requires reversal for a new trial.
¶ 28. Since this case must be remanded for a new trial, we need not decide whether or not duress as to robbery was established. Duress may be an issue at trial upon remand, dependent on the evidence adduced. I do agree with Justice Chandler, based on the evidence presently before us, that Banyard was not entitled to a duress instruction, but that determination is irrelevant to the same issue on retrial. As we do not know what proof will be presented, we cannot know what finding may be appropriate. In my humble opinion, the majority unnecessarily addressed duress. Therefore, I would reverse and remand solely on the constitutional error, Issue II.